IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO


Civil Action No. 97-cv-1308-WDM-PAC (Consolidated with cases numbered:
97-cv-1435-WDM-PAC, 97-cv-1446-WDM-PAC, 97-cv-1514-WDM-PAC,
97-cv-1562-WDM-PAC, 97-cv-1574-WDM-PAC, 97-cv-1609-WDM-PAC,
97-cv-1610-WDM-PAC, 97-cv-1619-WDM-PAC, 97-cv-1644-WDM-PAC,
97-cv-1680-WDM-PAC, 97-cv-1701-WDM-PAC, 97-cv-1711-WDM-PAC,
97-cv-1731-WDM-PAC, 97-cv-1812-WDM-PAC, 97-cv-1815-WDM-PAC,
97-cv-1822-WDM-PAC, 97-cv-1838-WDM-PAC, 97-cv-1891-WDM-PAC,
97-cv-1997-WDM-PAC, 97-cv-2321-WDM-PAC, and 98-cv-498-WDM-PAC)In re
BOSTON CHICKEN, INC. SECURITIES LITIGATION


FINAL JUDGMENT AND
ORDER OF DISMISSAL WITH PREJUDICE OF ALL CLAIMS

This matter is before me on the Plaintiffs' Motion to Approve Beck-Stephens'

Settlement which also entails the request for entry of final judgment.  Plaintiffs and

Defendants Mark W. Stephens and Scott A. Beck, as Settling Defendants, entered into

a Stipulation of Settlement, originally dated July 23, 2004, and re-executed with

updated terms on June 2, 2005 ("Stipulation").[1]

By Preliminary Approval Order ("Preliminary Order") dated March 20, 2006, I

directed that notice of the proposed Settlement of the Litigation be mailed to the

Settlement Class, and that a hearing be scheduled to determine whether the proposed

Settlement should be approved as fair, reasonable and adequate and whether to award

Plaintiffs' counsel attorneys' fees and expenses.  Prior to the scheduled hearing of

June 15, 2006, only one class member objected to the Settlement and only three class

---

[1]Any capitalized term that is not defined herein shall have definition set forth in
the Stipulation.

members have elected to opt out of the proposed Settlement.  Following hearing, and

after full review and consideration of the proposed Settlement and all filings with regard

thereto and this Litigation, I find and conclude as follows:

a.   The Settlement Class is defined for purposes of the Litigation, the Settlement

and this Final Judgment and Order of Dismissal With Prejudice (the "Final Judgment"),

as follows:

> All persons who purchased or otherwise acquired the publicly traded debt
> or equity securities of BCI between February 6, 1995, and October 4,
> 1998, inclusive.  Excluded from the Class are the Defendants, members
> of the immediate family of the BCI Individual Defendants, any entity in
> which any Defendant has a controlling interest, and the legal affiliates,
> representatives, heirs, controlling persons, successors, and predecessors
> in interest or assigns of any such excluded party.  Specifically included in
> the Class are any and all mutual or other investment funds established or
> offered by the Underwriter Defendants or their affiliates, that have
> acquired the publicly traded debt or equity securities of BCI during the
> time period noted.

b.   In accordance with the Preliminary Order, Plaintiffs' Counsel caused to be

mailed to the Settlement Class, a notice (the "Notice") dated April 19, 2006, and

caused to be published once in the national edition of The Wall Street Journal and

once in The Denver Post, a summary notice (the "Summary Notice") of the proposed

Settlement of the Litigation.  Commencing on April 19, 2006, over 287,129 notices were

mailed to members of the Settlement Class, including individual members of the

Settlement Class and nominees for Class members, such as brokerage firms.  As of

June 6, 2006, the Settlement Administrator had received 3,861 Proof of Claim and

Release forms filed by claimants seeking to share in the available settlement proceeds

which, combined with the Proof of Claim and Release forms filed in connection with the prior settlement with the Settled Defendants, yields a total of 39,216 applicable Proof of Claim and Release forms.  The Notice set forth the procedures and deadlines for members of the Settlement Class to exclude themselves from the Settlement, object to the Settlement and to file proofs of claim to participate in the benefits of the Settlement.

c.  The Notice and Summary Notice provided to potential members of the Settlement Class constituted the best and most practicable notice under the circumstances and included individual notice to all members of the Settlement Class identified by reasonable effort.  The affidavits or declarations of mailing filed with this Court on June 7, 2006 demonstrated that this Court's Preliminary Order has been complied with and further, that the best notice practicable under the circumstances was in fact given and constituted valid, due and sufficient notice to members of the Settlement Class, complying fully with due process and Rule 23 of the Federal Rules of Civil Procedure.

d.  Approval of the Settlement will result in substantial savings in time and money to the Court and the litigants and will further the interests of justice.

e.  The Stipulation is the product of good faith arm's length negotiations by the Parties thereto and Plaintiffs' Counsel were fully empowered to negotiate all aspects of the Settlement and the Stipulation.

f.  David W. Lippy, the one objector, withdrew some of his objections but still objects to dismissal of Saad Nadir and argues Plaintiffs' Counsel should pay for any costs awarded defendant Nadir.  No costs are being awarded Nadir at this time.

NOW THEREFORE, IT IS ORDERED, ADJUDGED, AND DECREED that:

1.     The terms:

(a)     "Released Parties" or "Released Party" means Scott Beck and

Mark Stephens and each of their heirs, present and former partners, employees,

agents, insurers, attorneys, representatives, successors, and assigns, as well as the

predecessors and successors, affiliates and subsidiaries and the principals, officers,

directors, employees, assigns, insurers, and attorneys of same, and XL Insurance

(Bermuda) Ltd (the "Insurer") (and all of the Insurer's respective predecessors,

successors and present, former and future officers, directors, employees, agents,

attorneys, stockholders, investors, insurers, reinsurers, underwriters, investment

bankers, advisors, affiliates or associates (as defined in SEC Rule 12b-2 promulgated

pursuant to the Exchange Act), present, former or future parents or subsidiaries), and

each of their present or former attorneys, assigns, representatives, heirs, executors

and administrators.

(b)     "Settled Claims" means any and all claims, causes of action,

complaints, suits, debts, liens, judgment, obligations, liabilities, demands, damages,

losses, costs and expenses (including attorneys' fees and expenses) of any kind,

character or nature whatsoever, whether class, individual, derivative or direct, accrued

or unaccrued, asserted or unasserted, suspected or unsuspected, fixed or contingent,

known or unknown, including Unknown Claims as defined below, whether direct or for

indemnity or contribution that the Settlement Class may have had or claimed to have

had in the past or may have or claim to have in any capacity against Stephens or Beck,

4

or which may hereafter arise out of, relate to, or be connected with any act of commission, omission, transaction, dealings or conduct of Stephens and/or Beck existing or occurring before March 31, 2003 (for Stephens) or May 25, 2004 (for Beck), based on facts in existence, whether known or unknown.  "Settled Claims" does not include any claim that is or could be asserted, now or in the future, by the Settlement Class or their Successors in Interest that does not relate (i) to the subject matter of the Litigation, or (ii) to BCI, or (iii) to activities in connection with the purchase or sale of debt or equity securities issued by BCI, or (iv) to the conduct of Stephens and/or Beck as it relates thereto.

        (c)      "Unknown Claims" means Settled Claims that the Class Members do not know or suspect to exist in their favor at the time of the release of the Released Parties and that, if known by them, might have affected their settlement with Stephens and/or Beck and release of the Released Parties or other action including, but not limited to, the decision not to object to the Settlement.  Plaintiffs expressly waive on behalf of themselves and the Class Members and their respective Successors in Interest any and all rights that they may have under any statute or common-law principle that would limit the effect of the releases to those claims actually known or suspected to exist at the time of execution of this Stipulation, including but not limited to the provisions of Section 1542 of the California Civil Code, to the extent deemed applicable (notwithstanding that the Stipulation does not provide for the application of California law), which provides as follows:

        § 1542.  General release; extent

> A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor.

2.      The Court has jurisdiction over the subject matter of the Litigation and all Parties in this Litigation, including all Settlement Class members.

3.      The Stipulation and Settlement are fair, reasonable and adequate as to the Settlement Class, and are approved in all respects.

4.      The terms of the Stipulation are valid and enforceable.  The parties thereto are directed to consummate the Settlement in accordance with its terms and provisions.

5.      The above-defined Settlement Class, with the Plaintiffs as representatives, is hereby certified pursuant to Rule 23 of the Federal Rules of Civil Procedure.  This certification is solely for purposes of settlement of any and all claims relating in any manner to the matters alleged in the Litigation, including the Settled Claims.

6.      With respect to the Settlement Class and for purposes of this Settlement only, the Court finds and concludes that:  (a) the members of the Settlement Class are so numerous that joinder of all members is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the claims of the Representative Plaintiffs are typical of the claims of the Settlement Class; (d) in negotiating the Settlement and entering into the Stipulation, the Representative Plaintiffs and their counsel have fairly and adequately represented and protected the interests of the Settlement Class; (e)

6

questions of law and fact predominate over any questions affecting only individual class members; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

7.     The Settlement Class members who have filed valid and timely requests for exclusion are not bound by the Judgment.  A listing of those persons and their respective excluded aggregate principal amount of securities holdings is attached hereto as Exhibit 1.  Members of the Settlement Class who are excluded may pursue their own individual remedies, if any.

8.     The Litigation pending in this Court as against the Settling Defendants, and any and all claims, actions or causes of action alleged by the Plaintiffs, individually and on behalf of the Settlement Class members, against the Settling Defendants, are dismissed in their entirety on the merits, with prejudice and without costs to any party as against any other.

9.     In addition, any and all claims, actions or causes of action alleged by the Plaintiffs individually against Defendant Mr. Saad Nadhir are dismissed with prejudice.

10.     Upon the Effective Date, each of the Plaintiffs and each member of the Class, on behalf of themselves and each of their predecessors, Successors in Interest, parents, subsidiaries, affiliates, custodians, agents, assigns, representatives, heirs, executors, trustees, administrators and any other Person or entity having any legal or beneficial interest in BCI equity or debt securities purchased, received or sold by any member of the Class during the Class Period, shall be deemed to have fully, finally, unconditionally and forever released, acquitted, settled and discharged Stephens, Beck

and the other Released Parties, from and with respect to the Settled Claims, whether or not such member of the Class executes and delivers a Proof of Claim or participates in the Settlement Fund.

11.    Upon the Effective Date, each of the Plaintiffs and each member of the Class, and each of their predecessors, Successors in Interest, parents, subsidiaries, affiliates, custodians, agents, assigns, representatives, heirs, executors, trustees, administrators and any other Person or entity having any legal or beneficial interest in BCI equity or debt securities purchased, received or sold by any member of the Class during the Class Period, shall be forever barred and enjoined from commencing, instituting or prosecuting in any court of law or equity, arbitration tribunal, or administrative forum, directly, representatively, or derivatively any of the Settled Claims or any action or other proceeding against Stephens, Beck or the other Released Parties with respect to, based on, arising from, or for the Settled Claims, whether or not such member of the Class executes and delivers a Proof of Claim or participates in the Settlement Fund.

12.    Upon the Effective Date, Stephens, Beck and all other Released Parties shall be deemed to have released the Plaintiffs and Plaintiffs' Counsel from those claims or potential claims against Plaintiffs and Plaintiffs' Counsel that are based upon or arise out of the institution, prosecution, assertion or resolution of this Litigation and Settled Claims.  Upon the Effective Date, the Settling Defendants and all other Released Parties on behalf of themselves and each of their predecessors, Successors in Interest, parents, subsidiaries, affiliates, custodians, agents, assigns,

representatives, heirs, executors, trustees, or administrators, shall be forever barred

and enjoined from commencing, instituting or prosecuting any claims, liabilities, and

causes of action in connection with Plaintiffs' institution, prosecution, assertion or

resolution of the Litigation or the Settled Claims against Plaintiffs and Plaintiffs'

Counsel.  These releases and injunctions shall not extend to claims arising out of any

violations of the Stipulation or any violations of the Confidentiality Orders entered in the

Litigation.

13.    If the Settlement is disapproved, canceled or terminated at any time in

accordance with the terms of the Stipulation, then this Final Order and that Stipulation

shall have no force or effect as to the parties to the Stipulation, and all negotiations,

proceedings and statements made in connection therewith shall be without prejudice to

the right of any Persons, and the Parties to that Stipulation shall be restored to their

respective positions existing as of the dates they signed their respective Memorandums

of Understanding underlying the Stipulation; provided however, that the Notice and

Administration Expenses incurred but not yet paid shall be paid out of the Notice and

Administration Fund as provided in the Stipulation; and provided further that the

Stipulation provisions at  VII(E) and (K) shall continue to apply.  The Settling Parties

shall remain subject to the Court's jurisdiction for purposes of enforcing the provisions

of this paragraph and the prior releases.

14.    The Settlement is fair, reasonable, and adequate and provides the

predicate for entry by the Court of the following bar orders, consistent with §

201(a)(g)(7) of the Private Securities Litigation Reform Act of 1995. The language used

in this Order does not supersede or modify any other bar order entered in any other court whether related to this Litigation or otherwise:

(a)      Upon the Effective Date, the Settled Defendants, the Settling Defendants, Saad Nadhir and their Successors in Interest shall be barred and permanently enjoined, whether directly, representatively, or in any other capacity, from instituting or prosecuting or continuing to prosecute any claim for indemnity or contribution against Stephens and/or Beck (or any other claim against Stephens and/or Beck where the injury to any of the Settled Defendants, the Settling Defendants, Saad Nadhir or their Successors in Interest is the liability of any of the Settled Defendants, the Settling Defendants, Saad Nadhir or their Successors in Interest to any of the Plaintiffs or any member of the Class), arising out of or reasonably flowing from the claims or allegations in the Litigation, whether arising under state, federal or foreign law as claims, cross-claims, counterclaims, or third-party claims, in the Litigation, in this Court, in any federal or state court, or in any other court, arbitration proceeding, administrative agency, or other forum in the United States, Canada or elsewhere.

(b)      Upon the Effective Date, the Settling Defendants and their Successors in Interest shall be barred and permanently enjoined, whether directly, representatively, or in any other capacity, from instituting or prosecuting or continuing to prosecute any claim for indemnity or contribution against Nadhir (or any other claim against Nadhir where the injury to any of the Settling Defendants or their Successors in Interest is the liability of any of the Settling Defendants or their Successors in interest to any of the plaintiffs or any member of the Class), arising out of or reasonably flowing from the

10

claims or allegations in the Litigation, whether arising under state, federal or foreign law as claims, cross-claims, counterclaims, or third-party claims, in the Litigation, in this Court, in any federal or state court, or in any other court, arbitration proceeding, administrative agency, or other forum in the United States, Canada or elsewhere.

(c)     Upon the Effective Date, for the purpose of effectuating the Parties' intention to protect Stephens and Beck from claims or claims-over of third parties arising out of the Settled Claims, the Court hereby:

(i)     Bars and permanently enjoins all Persons with the exception of BCI, the BCI Affiliates and the Plan Trustee but including without limitation the Settled Defendants, the Settling Defendants, Saad Nadhir and their Successors in Interest, either directly, representatively, or in any other capacity, from instituting or prosecuting or continuing to prosecute, any action, claim or claim-over

(ii)    Dismisses with prejudice and without costs any claims or claims-over asserted or deemed asserted by any Persons with the exception of BCI, the BCI Affiliates and the Plan Trustee but including without limitation the Settled Defendants, the Settling Defendants, Saad Nadhir and their Successors in Interest - against Stephens or Beck on whatsoever theory (whether or by way of third - or subsequent - party complaint, cross-claim, separate action or otherwise, and whether under federal or state law) to recover in whole or in part any liability, direct or indirect, of such Person to any Class Member in connection with, arising out of , or that is in any way related to, the Settled Claims.

(d)     Upon Effective Date, the Court hereby also:

11

(i)     Bars and permanently enjoins Stephens and Beck and their

Successors in Interest, either directly, representatively, or in any other capacity, from

instituting or prosecuting or continuing to prosecute, any action, claim or claim-over

(ii)     Dismisses with prejudice and without costs any claims or

claims-over asserted or deemed asserted by Stephens or Beck - against Nadhir on

whatsoever theory (whether by way of third - or subsequent-party complaint,

cross-claim, separate action or otherwise, and whether under federal or state law) to

recover in whole or in party any liability, direct or indirect, of Stephens or Beck to any

Class Member in connection with, arising out of, or that is in any way related to, the

Settled Claims.

15.     With respect to any judgment that might be entered on any cause of

action or claim in the Litigation, or any pending or future adversary proceeding,

contested matter, or civil action in which any member of the Settlement Class is also a

party, in which there is or may be a determination of fault on the part of any of the

Released Parties, including but not limited to a determination of fault based on joint and

several liability, the non-settling defendant(s) shall receive a judgment reduction credit

to be computed according to 15 U.S.C. § 78u-4(f)(2)(B)(i).  In recognition of the

Settlement Payment, and in light of the Parties' intent to provide the Released Parties

with comprehensive, full and complete finality with regard to any and all claims that

could be asserted against them as a result of their prior dealings with any member of

the Settlement Class, any resulting judgment reduction credit shall be applied so as to

preclude recovery by any party for any amount of pro rata or proportionate fault

attributable to the Released Parties.  Nothing contained in this paragraph shall prevent the Settlement Class from seeking to enforce a judgment against the non-settling defendant(s) based on the non-settling defendant(s)' joint and several liability for the total percentage of fault of all non-settling defendant(s).  Further, at the trial or trials in this matter (if any) there will be a proportionate allocation of fault attributed to Stephens and Beck without the need for Stephens' or Beck's presence at the trial.

16.     Neither this Final Judgment, the Stipulation nor any document referred to herein nor any action taken pursuant to or to carry out the Stipulation may be used as an admission by or against any of the Settling Defendants of any fact, claim, assertion, matter, contention, fault, culpability, obligation, wrongdoing or liability whatsoever.  The Stipulation and its respective Exhibits may be filed in this Litigation or related litigation as evidence of the Settlement, or in any subsequent action, the Stipulation and its Exhibits may be filed by the Settling Defendants or the other Released Parties to support a defense of res judicata, collateral estoppel, release, or other theory of claim or issue preclusion or similar defense.

17.     Upon the Effective Date, each of the Plaintiffs and each member of the Class, on behalf of themselves and each of their predecessors, Successors in Interest, parents, subsidiaries, affiliates, custodians, agents, assigns, representatives, heirs, executors, trustees, administrators and any other Person or entity having any legal or beneficial interest in BCI equity or debt securities purchased, received or sold by any member of the Class during the Class Period, shall be deemed unconditionally and forever to have released and discharged Plaintiffs and Plaintiffs' Counsel from all

13

claims, liabilities, and causes of action in connection with Plaintiffs' institution, prosecution, assertion or resolution of the Litigation or the Released Claims. Upon the Effective Date, the Plaintiffs and Settlement Class members, on behalf of themselves and each of their predecessors, Successors in Interest, parents, subsidiaries, affiliates, custodians, agents, assigns, representatives, heirs, executors, trustees, administrators and any other Person or entity having any legal or beneficial interest in BCI equity or debt securities purchased, received or sold by any member of the Class during the Class Period, shall be forever barred and enjoined from commencing, instituting or prosecuting any claims, liabilities, and causes of action in connection with Plaintiffs' institution, prosecution, assertion or resolution of the Litigation or the Settled Claims against Plaintiffs and Plaintiffs' Counsel.

18.     Plaintiffs shall take all steps necessary to secure the dismissal, with prejudice, of all claims against the Settling Defendants in the State Court Action.

19.     Plaintiffs, members of the Settlement Class, and their agents and counsel will not assist any other Person in making any claims against the Released Parties arising out of their services for BCI and/or the conduct at issue in the Litigation, except as required by law.

20.     Plaintiffs' Counsel were fully empowered to negotiate the Settlement on behalf of the Class. The Court hereby approves the Plan of Allocation of Settlement Proceeds as set forth in the Stipulation and Notice.

21.     The law firms representing Plaintiffs and the Settlement Class are awarded, from the Settlement Fund, attorneys' fees and reimbursement of their

expenses in the amounts set forth in my separate order.  These amounts shall not be

paid until on or after the Effective Date, unless the conditions for earlier payment stated

in the Stipulation are satisfied. These amounts are to be paid pursuant to the procedure

set forth in the Stipulation of Settlement.  Co-Lead Class Counsel, Hagens Berman

LLP, and Berger & Montague, P.C., are ordered to distribute the fees in their sole

discretion to all Class Counsel in accordance with each firm's respective contribution to

the results obtained for the Class.  In the event the Settlement is cancelled or

terminated, Class Counsel shall, within ten days of notice of termination or cancellation,

refund any and all Attorneys' Fees and Expenses distributed to them from that

Settlement Fund, together with accrued interest, in accordance with the Stipulation.

Each of Class Counsel who receive fees from the Settlement Fund, their partners,

and/or shareholders remain subject to the jurisdiction of this Court for purposes of

enforcing the provisions of this paragraph.

22.     David Lippy's partial withdrawal of objections is granted.  His remaining

objections are overruled.

23.     The Court reserves jurisdiction, without affecting the finality of this

judgment, over (a) implementing, administering and enforcing the Settlement,

Stipulation, any confidentiality agreements between the Settling Parties, and any award

or distribution of the Settlement Fund or Net Settlement Fund; (b) disposition of the

Settlement Fund and Net Settlement Fund; (c) this action until this Final Judgment

becomes effective and each and every act agreed to be performed pursuant to the

Stipulation has been performed; (d) all parties to this action and the Settlement Class

15

members for the purpose of enforcing and administering the Stipulation; and (e) other matters related or ancillary to the foregoing.

     24.     Final Judgment is entered.

     DATED at Denver, Colorado, on July 31, 2006.

BY THE COURT:


s/ Walker D. Miller
United States District Judge